**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES D. WILKES,**

      **Plaintiff,**

**v.**                                           **Civil Action No. 1:11cv131**
                                                         **(Judge Keeley)**

**DR. INERIO ALARCON,**
**UNITED STATES BUREAU OF PRISONS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On August 12, 2011, the plaintiff initiated this action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On August 29, 2011, the plaintiff filed his complaint on the court-approved form. On September 1, 2011, the plaintiff was granted permission to proceed *in forma pauperis,* and the plaintiff paid the initial filing fee on October 17, 2011. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## I.  The Complaint

In his complaint, the plaintiff sets forth a chronology of events at USP Hazelton that he alleges demonstrate deliberate indifference to his serious medical condition.  More specifically, the plaintiff alleges that on or about February 4, 2009, he made an "ill feeling complaint" to Nurse Vicki

1

Stemple, indicating that he was unable to keep any solid food in his stomach. He indicates that he was given an injection that provided no relief. On February 5, 2009, the plaintiff alleges that he complained he still was not feeling well and was referred to Dr. Dobushak, who ordered "some kind of pill for me without 'meticulously' checking illness possibilities." The plaintiff maintain that the pills cured nothing and his illness grew more and more intense. On February 6, 2009, the plaintiff maintains that he saw the defendant, Dr. Alarcon, who spoke very poor English and became agitated and refused to treat him. The plaintiff maintains that he was ordered back to his unit. On February 8, 2009, the plaintiff alleges that he requested that medical come to his unit to pick him up, which apparently did not happen. He further alleges that on February 9, 2009, he complained again to Dr. Dobushak, who told him to drink fluids. On that same date, he alleges that Nurse Timothy Koch saw him in his housing unit but only took his blood pressure. According to the plaintiff's complaint, the following day, February 10, 2009, he succumbed to a diabetic coma and was transferred to the Monongalia General Hospital where he was placed in the intensive care unit. The plaintiff maintains that he was diagnosed with ketoacidosis and diabetes. In addition, he maintains that he had some sort of cyst or abscess on his right groin area that was infected. He also alleges that his legs, ankles and knees were constantly swollen and cracking, such that he could not walk. The plaintiff alleges that he remained in the hospital for weeks and was treated by Doctor Sanjay Bharti. The plaintiff alleges that the staff at Monongalia General Hospital expressed "concern and anger" regarding the poor medical conditions at the prison, and he was informed that he was lucky to be alive. The plaintiff maintains that he was transferred to the Springfield Medical Facility to recover from the injuries he sustained at Hazelton. However, the plaintiff claims that the rehabilitation at Springfield was ineffective and inadequate. He maintains that he has permanent scars on his leg and ankles. He also

alleges that he is now a diabetic and must live as a diabetic for the rest of his life but could have been "cured" if the defendant "did the test or knew the diabetic symptoms." For relief, the plaintiff seeks $2,000,00.00 in damages.

## II.  Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous, or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R.Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id. at 327.

## III.  Analysis

### A.  Statute of Limitations

Because there is no statute of limitations for Bivens actions, the Court must look to West Virginia law.  See Wilson v. Garcia, 471 U.S. 261, 266-70 (1985) (holding that state's personal

injury statute of limitations is most appropriate for § 1983 actions). Therefore, West Virginia's two-year, personal injury statute of limitations applies to the petitioner's claim of deliberate indifference. See W.Va. Code § 55-2-12(b).[1]

In this particular case, the plaintiff alleges events that occurred in February of 2009, at USP Hazelton that he contends demonstrate deliberate indifference to his serious medical condition which led to his having permanent scars on his ankles and legs as well as to his permanent condition as a diabetic. It is clear from the complaint that the plaintiff was aware of the actions or inactions of the medical staff at Hazelton in February of 2009, because "concern and anger was expressed by the medical staff at the Monongalia General Hospital regarding the poor medical conditions at the prison." (Dckt.# 1, p. 7). Moreover, the plaintiff indicates that he was informed by Dr. Bharti that he "was lucky to be alive." (Id.). Despite this knowledge, the plaintiff did not file a complaint with this Court until August 12, 2011, well beyond the two-year statute of limitations.

The statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence. See Fed.R.Civ.P 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)("the rasing of the statute of limitations ...constitutes an affirmative defense.") Moreover, where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived. See Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1664 (4th Cir. 1985). Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should

---

[1]W.Va. Code § 55-2-12 provides that for "[e]very personal action for which no limitation is otherwise prescribed shall be brought...(b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries...."

[refrain] from raising and considering the statute of limitations defense *sua sponte*." Eriline Company S.A. v. James P. Johnson, 440 F.3d 648, 657 (4th Cir. 2006).

However, the Fourth Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 953-54 (4th Cir. 1995). In Nasim, the Court concluded that, in evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense. See 64 F.3d at 943-54. In reaching this conclusion, the Court observed that, in eliminating the requirement for paying costs, § 1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and therefore presented the potential to overburden the judicial system with patently meritless lawsuits. Id. Moreover, § 1915 requires a district court to screen initial filings and directs a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determined that...the action or appeal...is frivolous or malicious...[or] fails to state a claim on which relief may be granted." § 1915(3)92)(B)(I)-(ii). Accordingly, the Court explained that this screening authority distinguishes *in forma pauperis* suits and establishes a justification for an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*. Id. at 953-54. See also Castillo v. Grogan, 52 Fed. Appx. 750, 751 (6th Cir. 2002)(district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); Alston v. Tennessee dept. of Corrections, 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002)("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the

complaint was appropriate.); <u>Fraley v. Ohio Gallia County</u>, 1988 WL 789385 * 1 (6th Cir., Oct.30, 1998)(affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); <u>Hunterson v. Disbabato</u>, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run); <u>Pino v. Ryan</u> 49 F.3d 51, 53-54 (2d Cir. 1995)(concluding that district court can raise statute of limitations defense *sua sponte* in evaluating complaint filed pursuant to § 1915).

Accordingly, even if the plaintiff might have a cause of action under the Eighth Amendment, it is apparent on the face of the complaint that the statute of limitations for bringing this <u>Bivens</u> claim expired before he filed this action. Therefore, the complaint should be dismissed on initial screening.

## IV. <u>Recommendation</u>

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted and because the claim is time barred.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);<u>Thomas</u>

v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 13, 2012

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE