```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES D. WILKES,

       Plaintiff,



v.                        //      CIVIL ACTION NO. 1:11CV131
                                       (Judge Keeley)


DR. INERIO ALARCON,
UNITED STATES BUREAU OF PRISONS

       Defendants.
```

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the civil rights action filed by James I. Ward. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt. no. 18) as modified.

**I.**

On August 12, 2011, the plaintiff, James D. Wilkes ("Wilkes"), a federal inmate at FCI Hazelton, located in Bruceton Mills, West Virginia, filed a complaint pursuant to Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), against Dr. Inerio Alarcon ("Dr. Alarcon") and the United States Bureau of Prisons (the "BOP"). (Dkt. No. 1). Wilkes'

**WILKES V. ALARCON** 1:11CV131

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

complaint alleges that Dr. Alarcon exhibited deliberate indifference to his complaints of ill health, violating his Eighth Amendment right to freedom from cruel and unusual punishment.

On August 16, 2011, the Court issued a Notice of Deficient Pleading to Wilkes. (Dkt. No. 16). Then, on September 1, 2011, the Court granted Wilkes' motion for leave to proceed in forma pauperis. (Dkt. No. 9). On March 14, 2012, Magistrate Judge John Kaull entered a Report and Recommendation ("R&R"), in which he concluded that Wilkes' complaint was time-barred and recommended that the Court dismiss it with prejudice. (Dkt. No. 18). On March 29, 2012, Wilkes objected to the R&R, arguing that his ill health tolled the running of the statute of limitations. (Dkt. No. 21). For the reasons that follow, the Court overrules Wilkes' objection and adopts the R&R as modified.

## II.

Because Wilkes is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Under that statute, a court shall dismiss a complaint which "fails to state a claim upon which relief can be granted." A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratonao v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

2

**WILKES V. ALARCON**  1:11CV131

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

544, 570 (2007)). All alleged facts are reviewed in a light most favorable to the plaintiff. Id. Moreover, pleadings filed by self-represented litigants are to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). 'Liberal construction' requires the Court "only to determine the actual meaning of the words used in the complaint." Williams v. Ozmint, — F.3d —, 2013 WL 1987231, at *3 (4th Cir. 2013) (quoting Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006)).

### III.

Based on a de novo review of Wilkes' complaint, the Court discerns the following chronology of events.[1] On February 4, 2009, Wilkes complained to Nurse Vicki Stemple ("Stemple") of pain and vomiting. Stemple administered an injection to Wilkes that did not relieve his discomfort. On February 5, 2009, Wilkes complained to Nurse Leslie Serna ("Serna") that he felt sick and dizzy and could not keep water down. Serna referred Wilkes to Dr. Dobushak ("Dr. Dobushak"), who prescribed an unnamed medication. Wilkes complains that Dobushak did so without "meticulously" considering all possible diagnoses.

---

[1] The recitation of Wilkes' medical treatment is drawn from the allegations in the complaint, and presented in the light most favorable to him. (Dkt. No. 1).

3

**WILKES V. ALARCON**                                                  **1:11CV131**

### ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]

On February 6, 2009, Wilkes saw Dr. Alarcon. Wilkes described his symptoms to Alarcon, and also explained that he could not walk well. Dr. Alarcon responded, "Tell me what's wrong with you; if you don't tell me I cannot do nothing." Wilkes alleges that Dr. Alarcon then became agitated, accused him of having a mental problem, and refused to treat him further. Wilkes then returned to his cell.

On February 8, 2009, Wilkes complained to prison staff of exhaustion, and explained that he could not ambulate to the prison hospital on his own. Wilkes requested that prison staff transport him to the prison hospital. Staff did not do so. Then, on February 9, 2009, Wilkes once again saw Dr. Dobushak for treatment. At that time, Dr. Dobushak checked Wilkes' blood pressure and instructed him to drink fluids. Also on February 9, 2009, Wilkes saw Nurse Timothy Koch, who also took Wilkes' blood pressure.

On February 10, 2009, Wilkes slipped into a diabetic coma. Hazelton staff transferred Wilkes to Monongalia General Hospital ("MGH"), in Morgantown, West Virginia, where Wilkes was placed in the intensive care unit. Doctors at MGH diagnosed Wilkes with ketoacidosis and diabetes. Wilkes also had an infected absess on his right groin, and swollen, cracked feet and ankles. During his stay of several weeks at MGH, doctors and nurses allegedly expressed anger at the "poor medical conditions" at Hazelton. One

**WILKES V. ALARCON** 1:11CV131

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

doctor told Wilkes he was lucky to be alive. Following his stay at MGH, Wilkes was transferred to Springfield Medical Center for rehabilitation, which he describes as "ineffective and inadequate."

**IV.**

To state a cognizable claim for denial of medical care in violation of the Eighth Amendment under Bivens, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105. Specifically, a plaintiff must establish two distinct elements: first, that he suffered from an objectively "serious medical condition" not "timely or properly treated"; and second, that each named defendant subjectively acted with "deliberate indifference" toward his condition. Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (liability under Bivens is "personal, based upon each defendant's own constitutional violations").[2]

Here, the Court assumes that Wilkes' diabetes is a serious medical condition. His complaint, however, fails to state a claim

---

[2] Wilkes may not sue "The United States Bureau of Prisons" under Bivens. See Henry v. Bureau of Prisons, No. Civ. A. 05-0318, 2006 WL 156704, at *1 n.1 (D.D.C. Jan. 20, 2006) ("Because this complaint is brought only against the BOP, it fails to state a claim upon which relief may be granted under § 1983 or Bivens.") (citing FDIC v. Meyer, 510 U.S. 471, 486 (1994)).

**WILKES V. ALARCON**                                                    **1:11CV131**

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

on which relief can be granted because Wilkes has failed to allege how Dr. Alarcon caused his diabetes to be untimely or improperly treated, and how he exhibited deliberate indifference. Initially, Wilkes' own averments demonstrate that he saw medical staff at USP Hazelton numerous times between February 4 and 10, 2009. Medical staff provided pills and injections to remedy his symptoms. They checked his blood pressure, and instructed him to drink fluids. When his conditioned worsened, they transported him to MGH. With specific regard to Dr. Alarcon, Wilkes makes no allegation that he delayed or inhibited Wilkes' course of treatment, only that he was dismissive when Wilkes would not tell him what was wrong. In fact, Wilkes received treatment from Hazelton medical staff only two days after meeting with Dr. Alarcon. Cf. Hunt v. Sandhir, M.D., 295 Fed.Appx. 584, 586 (4th Cir. 2008) (doctor who failed to treat pain related to a bone fracture for a period of nine days, due to a non-medical reason, exhibited deliberate indifference).

Moreover, Wilkes' complaint fails to allege how Alarcon was deliberately indifferent to his medical condition. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

**WILKES V. ALARCON** 1:11CV131

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

In the medical context, a missed diagnosis "does not automatically translate into deliberate indifference." Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see Amos, 126 F.3d at 610 (stating that "prison officials [must] know of and disregard an objectively serious condition, medical need, or risk of harm"). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844; see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

In other words, in this case, Dr. Alarcon must have drawn the inference that Wilkes' general symptoms of exhaustion and vomiting signified the presence of diabetes and the danger of a diabetic coma, and then consciously disregarded that risk. Id. (citing Brice v. Va. Beach Correctional Center, 58 F.3d 101, 105 (4th Cir. 1995)). Wilkes' complaint does not contain such an allegation. Indeed, while Wilkes alleges that MGH staff were aware of his

7

**WILKES V. ALARCON**                                                             1:11CV131

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

cracked, swollen feet and the infected absess on his right groin, there is no similar allegation that Dr. Alarcon, or any Hazelton staff, were aware of those symptoms. Moreover, Wilkes alleges quite the opposite: that Hazelton staff, including Dr. Alarcon, were ignorant of his diabetes. See (Dkt. No. 1 at 7). While such ignorance may serve as a basis for a claim of medical malpractice, it is insufficient to state a claim for a violation of Wilkes' Eighth Amendment rights.

**V.**

Therefore, for the reasons stated above, the Court:

1. **OVERRULES** Wilkes' objection (dkt. no. 21) as moot;

2. **ADOPTS** the R&R (dkt. no. 18) as modified;

3. **DISMISSES** Wilkes' complaint **WITHOUT PREJUDICE** (dkt. no. 1); and

4. **ORDERS** that this case be stricken from the Court's docket.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

**WILKES V. ALARCON** 1:11CV131

**ORDER ADOPTING REPORT AND RECOMMEDATION [DKT. NO. 18]**

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: May 21, 2013

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE